NO. 07-12-0321-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 1, 2013
_____

ROBERT JASON CATES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 39TH DISTRICT COURT OF KENT COUNTY;

NO. 866; HONORABLE SHANE HADAWAY, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Robert Jason Cates challenges his conviction of aggravated assault with a deadly weapon by contending that 1) the evidence is insufficient to show he intentionally or knowingly drove his vehicle into that of his common law wife, and 2) the trial court erred in admitting evidence of a prior criminal offense during the punishment phase. We affirm the judgment.

*Issue 1 – Sufficiency of the Evidence*

We review challenges to the sufficiency of the evidence under the standard discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). Appellant argues that the jury had no rational basis upon which to conclude that he had the intentional and knowing mental state required to prove the offense. The State had the burden to prove that appellant intentionally or knowingly threatened Pearl Manis, his common law wife, with imminent bodily injury by striking the motor-propelled vehicle that she was in with a motor-propelled vehicle operated by appellant and using or exhibiting a deadly weapon, *i.e.,* a motor-propelled vehicle. *See* TEX. PENAL CODE ANN. § 22.01(a)(2) & § 22.02(a)(2) (West 2011). The offense focuses on the act of making a threat. *Landrian v. State,* 268 S.W.3d 532, 536 (Tex. Crim. App. 2008).

Appellant's argument rests upon evidence which indicates that the collision was an accident and that he did not physically assault Pearl until after his vehicle had struck hers. Pearl herself retracted parts of her statement to police at trial and stated she did not believe that appellant intentionally struck her vehicle with his. Yet, Pearl had told the investigating deputy that 1) appellant was intoxicated, 2) he became angry when Pearl confronted him and asked for his car keys, and 3) when she tried to leave, he took her keys, head-butted her, punched her in the face, and then rammed his vehicle into hers. Other evidence at trial revealed that 1) Pearl drove a full-size pickup truck, 2) the truck was hit with enough force to move it from a northerly to a northeasterly direction, 3) the truck was rendered inoperative due to the collision, and 4) its driver's side door would not open. Finally, Pearl told the law enforcement official at the scene that she directed her children to call 911 immediately after appellant hit her vehicle. Admittedly,

Pearl recanted a portion of her story and testified that appellant collided with the truck then physically assaulted her. There was also testimony from Pearl that she was heavily medicated at the time she gave her written statement days after the incident and that she had misstated facts in it. She further admitted she did not want appellant prosecuted.[1] This conflicting evidence, however, was not dispositive. Rather, it simply created issues of fact and credibility for the jury to resolve. *Wesbrook v. State,* 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); *see also Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (holding the factfinder can disbelieve the victim's recantation). The jury was free to believe Pearl's initial description of the altercation given by Pearl to the deputy. So, it could have rationally concluded beyond reasonable doubt from the evidence that appellant was angry with Pearl and intentionally or knowingly drove his vehicle into that of his wife.

*Issue 2 – Admission of Prior Conviction*

In his second issue, appellant complains of the admission into evidence of State's Exhibit No. 21, which was a prior conviction, on the basis that it was not proven that appellant was the person who was the subject of that conviction. We overrule the issue.

The State has the burden to prove beyond a reasonable doubt that 1) a prior conviction exists, and 2) the defendant is linked to that conviction. *Flowers v. State,* 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). However, no specific document or mode of proof is required. *Id.* Proof may be documentary or testimonial, *id.* at 922, and the

---

[1]Pearl testified she had legally married appellant after the incident.

State may introduce multiple documents that when read together contain sufficient information to prove the offense. *See id.* at 915.

Here, the State introduced into evidence Exhibit No. 20 which was a prior 2003 conviction for aggravated assault with a deadly weapon in Cause No. 0862637D in Criminal District Court No. 3 in Tarrant County. A witness who had taken appellant's fingerprints testified that the fingerprints in that exhibit were the same as appellant's, and appellant does not complain of the admission of that evidence on appeal. However, no fingerprints appeared on Exhibit No. 21. Yet, Exhibit No. 21 was comprised of a 2003 judgment in Cause No. 0862636D in Criminal District Court No. 3 in Tarrant County. Furthermore, the judgment in Exhibit No. 20 included conditions of community supervision which referenced both the cause number from Exhibit 20 and the cause number from Exhibit 21.[2] Furthermore, the documents in both exhibits mentioned the same addresses and birth dates for the Robert Jason Cates mentioned in each judgment. So, from the totality of this evidence, the jury could have concluded, beyond reasonable doubt, that the persons named in each judgment/exhibit were one and the same.

Accordingly, the judgment is affirmed.


Per Curiam

Do not publish.

---

[2]The State represented to the court that appellant pled guilty to the two offenses at the same time.